UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 99-11836-GAO

| | |
|---|---|
| GURLEY E. GLENN,<br>　　　　　　　　　　　　　　　Plaintiff,<br>v.<br>OCEAN SPRAY CRANBERRIES, INC.,<br>　　　　　　　　　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT'S MOTION TO DISMISS THE PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6)

The defendant, Ocean Spray Cranberries, Inc., pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves this Court to dismiss the plaintiff's amended complaint on the grounds that it fails to state any claim upon which relief may be granted.

In support, the defendant states as follows:

### Plaintiff's Amended Complaint

The plaintiff filed this action on or about August 20, 1999 and appears to base this Court's jurisdiction on diversity of citizenship under 28 U.S.C. §1331. In response to his complaint, the defendants moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In an Order dated January 20, 2000, this Court (per O'Toole, J.) granted the defendants' motion and dismissed the plaintiff's complaint in its entirety. The Court's Order, however, provided that the plaintiff would have 35 days from the entry of the Order, or **until February 24, 2000**, to file an amended complaint that adequately pleaded any product liability claim the plaintiff may have against defendant Ocean Spray. The plaintiff failed to file an amended complaint with this Court within the time permitted under the Order.

On March 3, 2000, the plaintiff filed with this Court a document entitled "Amended Complaint for Product Liability," which purports to comply with the requirements of this

Court's January 20, 2000 Order. In his amended complaint the plaintiff does not allege any basis for jurisdiction in this Court. Instead, he simply describes suffering from a reaction to an ingredient contained in a juice drink beverage made by the defendant. On the basis of these allegations, the plaintiff appears to be seeking compensatory damages in the amount of $400,000 as well as some form of declaratory acknowledgement from the Court that the ingredient was the causal factor of his condition.

## ARGUMENT

A motion to dismiss for failure to state a claim simply tests the legal sufficiency of the complaint. "Pleadings must stand or fall on their own." Mmoe v. Commonwealth, 393 Mass. 617, 620 (1985). A claim must be supported by sufficient allegations of fact which show that the claimant is entitled to the relief requested. Bass River Lobsters, Inc. v. Smith, 7 Mass. App. 197, 201-02 91979) ("We deem these factual omissions to be fatal to the amended complaint . . ."); Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 99-101 (1979) (held claim properly dismissed where factual allegations were not sufficient to support claim for relief); Frank J. Linhares Co. v. Reliance Insurance Co., 4 Mass. App. 617, 620-21 (1976). The mere recitation of legal conclusions is insufficient to survive a motion to dismiss. Kadar Corp. v. Millbury, 549 F.2d 230, 235 (1st Cir. 1977). Where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief, the complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Gooley v. Mobil Oil Corp., 851 F.2d 513 (1st Cir. 1988). There is no duty on the courts to conjure up unpleaded facts that might turn a frivolous claim into a

substantial one. O'Brien v. DiGrazia, 544 F.2d 543 (1st Cir. 1976), cert. den., 431 U.S. 914. Therefore, the Court must dismiss a claim where the facts alleged fail to establish a basis for granting relief. Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995) (dismissal under Rule 12(b)(6) held proper where claim lacked required element); Spence v. Boston Edison Co., 390 Mass. 604 (1983) (where allegations insufficient, unfair business practice claim properly dismissed); see also R.J.B. Builders & Developers, Inc. v. Frank S. Durante, Inc., 5 Mass. App. 788 (1977); McDonald v. Morin, 3 Mass. App. 796 (1975).

### The plaintiff's Product Liability claims should be dismissed.

A broad reading of the plaintiff's amended complaint suggests that he may still be asserting unspecified claims for personal injuries as a result of his consumption of defendant Ocean Spray's product known as Megamelon Juice Drink. His amended complaint, however, still does not indicate whether he may be asserting a claim for negligence against the defendant, or whether he may be asserting claims for breach of express or implied warranties. To the extent that his amended complaint can be construed as asserting a negligence claim, it fails entirely to allege the existence of any *duty* on the part of the defendant *or* any *breach* of any duty by the defendant. In order for the plaintiff to recover against the defendant on a claim for negligence, he must establish that the defendant breached a duty of care owed to him, that he suffered damages, and that the damages were causally related to the defendant's breach of duty of due care. Marengo v. Roy, 318 Mass. 719 (1945); Irwin v. Ware, 392 Mass. 745, 754 (1984); Wiska v. St. Stanislaus Social Club, Inc., 7 Mass. App. 813, 817 (1979), further appellate review denied, 378 Mass. 801 (1979) (proof of actual causation and proximate causation are essential elements of negligence action). The plaintiff's amended complaint, however, fails to allege any

duty or breach thereof by the defendant.

Similarly, to the extent that his amended complaint can be construed as asserting a breach of warranty claim, there is absolutely no allegation that the defendant (or the product) made any express warranty to the plaintiff, that the juice product was not fit for the ordinary purposes for which it is used, that it was defective or unreasonably dangerous, or that it proximately caused his alleged injury. Such allegations are essential to support product liability claims for breach of warranty. See, e.g., Sutera v. Perrier Group of America, Inc., 986 F. Supp. 655, 668 (D. Mass. 1997)(on product liability claim against producer, the plaintiff has the burden of proving that, more likely than not, the product consumed by plaintiff was a substantial factor in causing her illness); Mellace v. John P. Squire Co., 306 Mass. 515, 516 (1940)(in action for injuries allegedly sustained from eating unwholesome chickens, plaintiff required to prove that unwholesomeness of chickens was the probable cause of her illness). Therefore, this Court should dismiss the plaintiff's amended complaint to the extent that it asserts product liability claims because its allegations lack the requisite elements to support such claims.

Dismissal of the plaintiff's amended complaint is particularly appropriate here because this Court gave the plaintiff an opportunity to cure the deficiencies of his original complaint but he failed to properly avail himself of that opportunity. In their first motion to dismiss the plaintiff's original complaint the defendants spelled out in fairly detailed terms just what the plaintiff needed to allege to adequately assert a claim for product liability. See Motion of Defendants to Dismiss the Plaintiff's Complaint Pursuant to Rule 12(b)(6) at pp. 5-6. The plaintiff, however, still has not alleged any of the necessary elements. Moreover, the plaintiff failed to file his amended complaint with this Court within the 35 day period provided.

Therefore, for all of the foregoing reasons, this Court should dismiss the plaintiff's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### REQUEST FOR ORAL ARGUMENT

The defendant respectfully submits that, in light of the facts that the plaintiff has appeared pro se and that he resides in North Carolina, the defendant does not seek to present oral argument before the Court unless such argument can be conducted so that the plaintiff may participate by telephone conference (or in person) if he so chooses.

### Certification Pursuant to Local Rule 7.1(A)(2)

Counsel for the defendant hereby certifies that he has been unable to confer with the plaintiff, Gurley E. Glenn, who is pro se in this matter, concerning this motion in advance of filing as required by Local Rule 7.1(A)(2) because the plaintiff has not listed his telephone number on the summons, the original complaint, or the amended complaint.

Respectfully submitted,

By the Defendant,

OCEAN SPRAY CRANBERRIES, INC.,

By its attorney,

Brian A. Gillis, Esq., BBO#547767
Seventy-Five State Street, Suite 700
Boston, Massachusetts 02109
(617) 737-0099

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon each party appearing pro se and the attorney of record for each other party by mail on March 22, 2000.

Brian A. Gillis, Esq.